1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KEVIN D. JANSEN,

11              Petitioner,                    No. 06-CV-01491 ALA HC

12        vs.

13   M. EVANS, Warden,                         <u>ORDER</u>

14              Respondent.

15   _____/

16        Petitioner, Kevin D. Jansen, a state prisoner, filed an application for habeas corpus relief

17   on July 5, 2006, based on alleged violations of his federal constitutional rights.  Respondent,

18   Mike Evans, the Warden of the Salinas Valley State Prison, has filed a motion to dismiss in

19   which he asserts that it should be dismissed without considering the merits of Petitioner's claims

20   because it is barred by the one-year statute of limitations set forth in the Antiterrorism and

21   Effective Death Penalty Act ("AEDPA") of 1996, 28 U.S.C. § 2244(d).  Petitioner contends that

22   the one-year statute of limitations had not run when he filed his application in this Court because

23   it was tolled by the filing of several petitions in state courts for habeas corpus review.  He also

24   maintains that the filing of his application for habeas corpus relief was timely filed because of

25   the doctrine of equitable tolling.  The motion to dismiss will be granted because Petitioner has

26

1

failed to demonstrate that he filed his application pursuant to 28 U.S.C. § 2254(a) within the one-year statute of limitations.

## I

Petitioner was convicted on May 25, 2001, in the Sacramento County Superior Court, of robbery, intimidation of a witness, evading a police officer, possession of a controlled substance and two counts of burglary.  He filed a direct appeal with the California Court of Appeal for the Third Appellate District challenging the state trial court's judgment.  On January 23, 2003, the Court of Appeal affirmed the judgment of conviction and remanded the matter to the trial court for a determination of presentence custody credits.  The California Supreme Court denied review on April 9, 2003.

On May 15, 2003, the trial court amended the abstract of judgment.  Petitioner was awarded credit for one day for time served.  Petitioner did not appeal from the trial court's amendment to the abstract of judgment.  The limitations period began running on July 15, 2003.

## II

### A

Petitioner filed his original petition for state court habeas corpus relief in the Sacramento County Superior Court on January 29, 2004, under the "mailbox" rule.[1]  The petition was denied on March 29, 2004.

### B

On July 16, 2004, the Petitioner filed his first petition for state habeas corpus relief in the California Court of Appeal.  The petition was denied on July 22, 2004.

---

[1]In *Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir. 2000), the Court held that "federal and state habeas corpus petitions are deemed filed when the pro se delivers them to prison authorities for forwarding to the Clerk of the Court."  This is referred to as the "mailbox" rule.

**C**

On July 22, 2004, Petition filed a second petition for state habeas corpus relief in the California Court of Appeal.  The petition was denied on August 5, 2004.

**D**

On October 21, 2004, Petitioner filed a third petition for state habeas corpus relief in the California Court of Appeal.  That petition was denied on November 4, 2004.

**E**

On February 1, 2005, Petitioner filed a petition for state habeas corpus relief in the California Supreme Court.  The petition was denied on January 4, 2006.

**III**

Petitioner filed an application for federal habeas corpus relief pursuant to § 2254(a) on March 27, 2006 in the United States District Court for the Northern District of California.  The application was transferred to this Court on July 5, 2006.  AEDPA applies to this matter because it was filed after April 26, 1996, the date AEDPA was enacted.  *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *Jeffries v. Wood,* 114 F.3d, 1484, 1499 (9th Cir. 1997).

**A**

The limitation provisions of AEDPA that apply here read as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

> The limitation period shall run from the latest of – the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

Section 2244(d)(1) sets forth a tolling provision of the one-year statute of limitations quoted above in the following words:

> "The time during which a properly filed application for state post-conviction or other collateral review with respect for the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

1   28 U.S.C. § 2244(d)2).

2       The trial court's order amending the abstract of judgment was entered on May 15, 2003.

3   Petitioner did not file an appeal within 60 days of the entry of this order.  Rule 31.1(a) of the

4   California Rules of Court provides that "[u]nless otherwise provided by law, a notice of appeal

5   must be filed within 60 days after the rendition of the judgment or the making of the order being

6   appealed."  Accordingly, the 60 day period following the entry of the amended abstract of

7   judgment expired on July 14, 2003.  Pursuant to Section 2244(d)(1)(a), the one-year statue of

8   limitation under AEDPA began to run the following day, on July 15, 2003.  *See Patterson v.*

9   *Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (holding that the day of the default from which the

10   designated period of time begins to run is not included).  Thus, the last day for the Petitioner to

11   file a § 2254(a) application was July 15, 2004; plus any time that comes within the tolling

12   provision.

13   28 U.S.C. § 2244(d)(2).

14       As noted above, Petitioner filed several applications for state post-conviction review.

15   Accordingly, this Court must engage in a mathematical computation to determine whether the

16   one-year limitation was complied with, after excluding any time that may have elapsed in

17   presenting *properly* filed post-conviction petitions in state court.

18   **1**

19       Petitioner did not file his first state petition for a writ of habeas corpus until January 29,

20   2004, under the "mailbox" rule.  As of that date, 198 days of the one year period had expired.  In

21   his opposition to the motion to dismiss, Petitioner appears to contend that the one-year limitation

22   period applies only to any arguments he "presented in [his] direct review appeal," but does not

23   apply to "new arguments for the court to review."  He further contends that "on January 29, 2004

24   under the mailbox rules Petitioner's one-year time limit began."  Petitioner's argument that the

25   statute of limitations did not begin to run until he filed his first petition for state habeas corpus

26   review is contrary to § 2244(d)(1)(A) which provides that the limitation period shall run from

1 "the date on which the judgment became final by the conclusion of *direct review* or the

2 expiration of the time for seeking such review." (emphasis added).

3      The record shows that Petitioner's first state habeas corpus petition was properly filed on

4 January 29, 2004.  Therefore, the one-year limitation period was tolled for 81 days between

5 January 29, 2004 and March 29, 2004.

6 **2**

7      Petitioner did not file an original petition for habeas corpus relief in the California Court

8 of Appeal until July 16, 2000, 108 days after his first petition was denied.  Pursuant to

9 § 2244(d)(2), this Court must determine whether his second petition was properly filed in the

10 California Court of Appeal.

11      Under California law, a petitioner has the initial burden of alleging facts to justify a delay

12 in filing a petition for state habeas relief in the California Court of Appeal.  Under California

13 law, a petition for habeas corpus relief may be denied summarily if it was not filed in a

14 reasonable period of time.  *In re Clark*, 5 Cal. 4th 750, 797 n. 35 (1993).

15      The California Legislature and the Supreme Court have not fixed a determinate time limit

16 by which to measure whether a petition was filed within a reasonable time, as suggested by the

17 United States Supreme Court in *Evans v. Chavis*, 546 U.S. 189, 199 (2006).  The Supreme Court

18 noted in *Chavis* that

19
20          timely filings in California (as elsewhere) fell within the federal
tolling provision *on* the *assumption* that California law in this
respect did not differ significantly from the laws of other States,
i.e., that California's 'reasonable time' standard would not lead to
21          filing delays substantially longer than those in States with
determinate timeliness rules.

22

23 *Id*. at 199-200.

24      The Supreme Court also instructed in *Chavis* that most states provide for filing an appeal

25 within "30 to 60 days," 546 U.S. at 201.  Here, Petitioner waited 108 days to file his first petition

26 for habeas corpus relief in the California Court of Appeal.  Because this delay was almost double

1   the national norm for the time to seek review of an adverse trial court decision, this Court

2   concludes that the delay of 108 days was not "reasonable" under California law, and the petition

3   was not "properly filed" under § 2244(d)(2).  The 108 day delay does not come within the

4   interval tolling provisions of the statute.  Therefore, 306 days expired between the date the one-

5   year limitation period began on July 15, 2003, and July 16, 2004, the date Petitioner filed his

6   first petition in the California Court of Appeal.

**3**

8       Respondent concedes that the first and second petitions filed in the California Court of

9   Appeal were properly filed.  Accordingly, Petitioner is entitled to tolling for the period of July

10  16, 2004, the date the first petition was filed in the California Court of Appeal under the mailbox

11  rule through August 5, 2004, the date the second petition was filed in that Court under the

12  mailbox rule.

**4**

14      Petitioner filed a third petition for habeas corpus relief under the mailbox rule on October

15  21, 2004.  A petitioner is entitled to statutory tolling for the exhaustion of state remedies between

16  dispositions of state post-conviction actions and the filing of a subsequent petition at the next

17  state appellate level.  A post-conviction action is not properly pending, however, if a subsequent

18  petition is filed in the same state court.  "[A]n application for post-conviction relief is pending

19  during the 'intervals between a *lower* court decision and a filing of a new petition in a higher

20  court'."  *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003) (quoting *Carey v. Saffold*, 536

21  U.S. 214, 223 (2002)).  Accordingly, the seventy-six day interval between the denial of the

22  second petition in the California Court of Appeal for the Third Appellate District and the denial

23  of the third petition did not toll the state of limitations (198 days expired before the filing of the

24  first petition for state habeas corpus relief, an additional 108 days elapsed before the filing of

25  Petitioner's first petition for habeas corpus relief in the California Court of Appeal, seventy-six

26  days elapsed after his second petition for habeas corpus petition was denied).  Thus, the statute

1  of limitations expired on October 3, 2004, prior to February 1, 2005, the date he filed a petition

2  for habeas corpus relief in the California Supreme Court.  Therefore, Petitioner's application for

3  habeas corpus relief filed on March 27, 2006, exceeded the one-year statute of limitations and is

4  time barred under § 2244(d).

5                                                      **IV**

6                                                       **A**

7            In his opposition to the motion to dismiss, Petitioner contends that he is entitled to the

8  application of the doctrine of equitable tolling of the statute of limitations.  He asserts that the

9  delay in filing his state habeas corpus petitions was caused by the fact that he was only twenty-

10  four years old with "an 8.2 grade point average," and was "not versed in the law" before filing

11  his petitions.  He also alleges that the prisoners in the Salina Valley State Prison have been

12  subjected to many lockdowns which limited his access to the prison law library.

13           Equitable tolling will be granted under Ninth Circuit jurisprudence if a prisoner can

14  demonstrate that extraordinary circumstances beyond his or her control made it impossible to file

15  a petition on time. *Calderon (Beeler) v. U.S. Dist. Ct. for C.D. of Cal.*, 128 F.3d 1283, 1287 (9th

16  Cir. 1997).  Equitable tolling is not available if the facts demonstrate "what at best is a garden

17  variety of excusable neglect." *Irwin v. Dep't of Veteran Affairs*, 498 U.S. 89, 96 (1990).  "[I]t is

18  well established that ignorance of the law, even for an incarcerated pro se petitioner, generally

19  does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

20  "To hold that illiteracy is a legitimate cause for failing to appeal to the state supreme court would

21  allow petitioners to wait until the jurisdictional period lapsed and then proceed directly to federal

22  court." *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986).

23  "Petitioner's lack of legal expertise does not excuse his delay "in filing an application for habeas

24  corpus relief pursuant to § 2254(a). *Eisermann v. Penarosa*, 33 F. Supp. 1269, 1273 (D. Haw.

25  1999).  Petitioner is not entitled to equitable tolling because of his age, educational level, or lack

26  of legal training.

**B**

Petitioner has failed to set forth sufficient facts to demonstrate that the prison lockdowns constitute extraordinary circumstances that prevented him from filing his state petitions within the one-year of the date his direct appeal from the judgment became final.  Petitioner failed to present facts to the state courts to show that his petitions were presented within a reasonable time in light of the circumstances that would justify a delay.  Under California law, a prisoner must establish that his petition was filed "within a reasonable time after the petitioner or counsel knew, or with due diligence should have known, the facts underlying the claim as well as the legal basis for the claim." *In re Harris*, 5 Cal. 4th 818, 828 n.7 (1993).

Petitioner has failed to allege specific facts to meet his burden under California law that demonstrate that he was delayed in filing his state petitions.  He has failed to indicate when these lockdowns occurred, nor their duration.  In *Kellogg v. Strack*, 269 F.3d 100 (2nd Cir. 2001), the Second Circuit held that "bare assertions that the conditions of his confinement prevented him from filing his motion earlier are insufficient to excuse the delay." *Id.* at 104.

Petitioner's reliance on *Lott v. Mueller*, 304 F.3d 918 (9th Cir. 2002) is inapposite.  In that matter, the Court held that equitable tolling applied because the prisoner was denied access to his legal files.  *Id*. at 922-25.  Here, Petitioner's access to the prison library was not denied.  It was only limited for unspecified time periods.  Petitioner has failed to meet his burden of specifying facts that would give rise to equitable tolling.

Good cause appearing therefore, it is HEREBY ORDERED that Petitioner's application is dismissed because it was untimely filed.

/////

DATED: March 6, 2008

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation